IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDREW SULAK, individually and<br>as the personal representative of the<br>estate of William J. Sulak; and<br>CARRIE M. SULAK, individually<br>and as Next Friend of Avaleigh L.<br>Garner, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN EUROCOPTER<br>CORP.; EADS NORTH AMERICA;<br>EUROPEAN AERONAUTIC<br>DEFENCE AND SPACE<br>COMPANY EADS N.V.; JOHN<br>DOES 1-10; JANE DOES 1-10;<br>DOE PARTNERSHIPS 1-10; DOE<br>CORPORATIONS 1-10; ROE<br>BUSINESS ENTITIES 1-10; ROE<br>"NON-PROFIT" CORPORATION<br>1-10; and ROE GOVERNMENTAL<br>AGENCIES 1-10,<br><br>Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CV. NO. 09-00135 DAE-KSC |

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF
THE ORDER DENYING DEFENDANT AMERICAN EUROCOPTER CORP.'S
<u>MOTION TO DISMISS AND TRANSFERRING CASE</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Plaintiffs' motion and the

supporting and opposing memoranda, the Court DENIES Plaintiffs' Motion for

Reconsideration of the Order Denying Defendant American Eurocopter Corp.'s

Motion to Dismiss and Transferring Case.  (Doc. # 25.)

BACKGROUND

The parties are familiar with the facts of this case, and therefore the

Court recites only those facts relevant to determination of the instant motion.  On

March 8, 2007, a helicopter piloted by William J. Sulak crashed at or near

Princeville Airport, Kauai.  (Doc. # 9 at 2.)  Sulak and three others were killed.

(Doc. # 15 at 4).  Plaintiffs Andrew Sulak and Carrie Sulak are the surviving

children of William Sulak.  Plaintiff Avaleigh Garner, a minor, is the surviving

granddaughter of William Sulak.  (Doc. # 1 Ex. A at 2.) Plaintiff filed suit in the

State of Hawaii Circuit Court of the Fifth Circuit against Defendant American

Eurocopter Corp. ("AEC"), and others, on March 6, 2009.  (Doc. # 1 Ex. A.)  On

March 3, 2009, National Union Fire Insurance Company ("NU"), the insurer of the

owner and operator of the helicopter at the time of the accident, filed a separate

lawsuit against the same defendants, Case No. CV-09-00136 DAE-LEK.  The suits

were subsequently removed to this Court on March 31, 2009 but not consolidated

(Doc. # 1.)

2

On April 22, 2009, AEC filed a motion to dismiss on the ground that the Court lacks personal jurisdiction over it in this case. (Doc. # 9.) In an order filed on August 26, 2009, the Court concluded that the Court lacked personal jurisdiction over AEC, but instead of dismissing the case in its entirety and in the interests of justice and equity, the Court transferred the case to the Northern District of Texas (the "August 2009 Order"). (Doc. # 24.)

On September 10, 2009, Plaintiffs filed their Motion for Reconsideration of the Court's August 2009 Order. (Doc. # 25.) In their motion, Plaintiffs argue that the Order: (1) erred in finding no jurisdiction; (2) erred in denying Plaintiffs leave to conduct discovery; and (3) erred when transferring the case to Texas without Plaintiffs' consent.

On September 23, 2009, AEC filed its Opposition. (Doc. # 26.) On October 2, 2009, Plaintiff filed its Reply. (Doc. # 28.)

## STANDARD OF REVIEW

The disposition of a motion for reconsideration is within the discretion of the district court. Lolli v. County of Orange, 351 F.3d 410, 411 (9th Cir. 2003); Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982). This rule derives from the compelling interest in the finality of judgments, which should not

be lightly disregarded.  <u>Rodgers v. Watt</u>, 722 F.2d 456, 459 (9th Cir. 1983);

<u>Carnell v. Grimm</u>, 872 F. Supp. 746, 758 (D. Haw. 1994).

The Ninth Circuit requires a successful motion for reconsideration to
furnish both a reason why the court should reconsider its prior decision, as well as
facts or law of a strongly convincing nature to induce the court to reverse its prior
decision.  <u>Carnell</u>, 872 F. Supp. at 758.  Mere disagreement with a previous order
is an insufficient basis for reconsideration, and reconsideration may not be based
on evidence and legal arguments that could have been presented at the time of the
challenged decision.  <u>See</u> <u>Haw. Stevedores, Inc. v. HT & T Co.</u>, 363 F. Supp. 2d
1253, 1269 (D. Haw. 2005). Three predominant grounds justify reconsideration:
"(1) an intervening change in controlling law; (2) the availability of new evidence;
(3) the need to correct clear error or prevent manifest injustice."  <u>Decker Coal Co.</u>
<u>v. Hartman</u>, 706 F. Supp. 745, 750 (D. Mont. 1988); <u>see also</u> <u>Carnell</u>, 872 F. Supp.
at 758-59.

Motions for reconsideration may be brought pursuant to Federal Rules
of Civil Procedure 59(e) or 60(b).  A motion for reconsideration under Rule 59(e)
should not be granted, absent highly unusual circumstances, unless the district
court:  (1) is presented with newly discovered evidence; (2) has committed clear
error; or (3) if there is an intervening change in the controlling law.  <u>389 Orange</u>

4

Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).  In

addition, a Rule 59(e) motion for reconsideration "may not be used to raise

arguments or present evidence for the first time when they could reasonably have

been raised earlier in the litigation."  Kona Enterprises, Inc. v. Estate of Bishop,

229 F.3d 877, 890 (9th Cir. 2000) (citation omitted).

 Fed. R. Civ. P. 60(b) also provides that the court may grant relief from

judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> . . .
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
> . . .
>
> (6) any other reason justifying relief from the operation of the judgment.

 The District of Hawaii has implemented the federal standards in Local

Rule 60.1, which explicitly mandates that reconsideration only be granted upon

discovery of new material facts not previously available, the occurrence of an

intervening change in law, or proof of manifest error of law or fact.  Reliance Ins.

Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1153 (D. Haw. 2003).  The movant's

basis for reconsideration, whether in law or fact, must be "strongly convincing" to

induce the court to reverse its prior decision.  Id.

<u>DISCUSSION</u>

At the outset, this Court notes that Plaintiffs have expressly incorporated the facts and exhibits to NU's Motion for Clarification and/or Reconsideration, CV. No. 09-00136 DAE-LEK. (Mot. at 4 n.1.) Therefore, this Court will address those facts and exhibits that NU included in its own motion where relevant to Plaintiffs' motion.

I.      <u>Transfer of Case to Northern District of Texas</u>

The Court's August 2009 Order (1) denied AEC's motion to dismiss, and (2) transferred the case to the Northern District of Texas. The Court found that it could not exercise personal jurisdiction over AEC, but instead of dismissing the case outright, transferred the case to the Northern District of Texas where jurisdiction would lie in the interest of justice and equity. (August 2009 Order at 20.) To <u>grant</u> AEC's motion to dismiss based on personal jurisdiction would be to terminate the case and enter judgment in favor of AEC -- the Court would have no authority to then transfer venue.

Upon review, the Court acknowledges that Plaintiffs, in their original opposition to the motion to dismiss, had incorporated the facts and exhibits presented in NU's own opposition but did not incorporate NU's request for transfer to Texas. In this regard this Court's language was in error. The Court still may

6

transfer venue when in the interest of justice and equity pursuant to 28 U.S.C. §

1406.

It is perplexing to this Court why Plaintiffs would take issue with the

Court's decision to <u>not</u> dismiss Plaintiffs' claim in its entirety.

II.    <u>Absence of Personal Jurisdiction</u>

Plaintiffs fail to demonstrate manifest error of law or fact, or

availability of new evidence, to prevail on their motion for reconsideration.

Plaintiffs rely largely on arguments made many times before in their original

opposition to the motion to dismiss and at the hearing on these matters.

A motion for reconsideration is not a second opportunity for Plaintiffs

to make the same arguments – Plaintiffs must demonstrate that this Court made a

manifest error of law or fact in its original Order.  In their motion for

reconsideration, however, Plaintiffs set out largely the same argument in favor of

general jurisdiction.  The Court already evaluated AEC's helicopter sales to

Hawaii, presence of a service center, press releases, websites, training and

purported technical support.  (August 2009 Order at 10-14.)  Repetition of the

same arguments does not meet the actual burden upon Plaintiffs in a motion for

reconsideration.  <u>See</u> <u>Backlund v. Barnhard</u>, 778 F.2d 1386, 1388 (9th Cir. 1985)

(affirming district court's denial of motion for reconsideration because it presented

no arguments not already raised ); <u>San Luis & Delta-Mendota Water Auth. v. U.S. Dep't Interior</u>, 624 F. Supp. 2d. 1197 (E.D. Cal. 2009).  The Court concluded that these contacts did not give rise to general jurisdiction, and Plaintiffs will not prevail on a motion for reconsideration merely because Plaintiffs disagree with this Court's conclusion.

Plaintiffs go so far as to expressly "incorporate by reference the arguments made in support of their opposition to the Motion to Dismiss."  (Mot. at 6.)  Plaintiffs may not rest on their original arguments when petitioning this Court to reconsider its prior Order.  Plaintiffs make only a superficial and cursory attempt to demonstrate any actual manifest error of law or fact in the Court's prior order.

Moreover, a party may not present evidence for the first time in a motion for reconsideration when that evidence was earlier available.  <u>See Trentacosta v. Frontier Pac. Aircraft Indus., Inc.</u>, 813 F.2d 1553, 1557 n.4 (9th Cir. 1987) (upholding district court's denial of motion for reconsideration when party attempted to rely on new affidavits without offering excuse for why they were not presented during hearing on motion to dismiss).  Plaintiffs attempt to present three "new" pieces of evidence, but do not demonstrate that any were not previously available to them.

8

Plaintiffs may not now rely, through incorporation of NU's motion, on a new declaration by David Lok, Director of Maintenance of Heli USA Airways, which states that AEC sent manuals and publications to Kauai for maintenance of the Princeville helicopters.  (Lok NU Mot. Decl. ¶ 4.)  Plaintiffs seek to use this declaration in their motion for reconsideration without any explanation as to why Plaintiffs could not have presented this evidence sooner.  NU is the insurer of Heli USA Airways; it is unclear to this Court why NU could not have obtained the declaration of the Director of Maintenance of Heli USA Airways earlier.  Neither NU nor Plaintiffs make an argument to justify why this Court should consider the evidence.

Plaintiffs also, by incorporating NU's motion, attaches "new" evidence in the form of invoices of replacement parts shipped by AEC to Heli USA.  (NU Mot. Ex. A, B, C.)  These invoices are all dated 2002.  There are several reasons why these invoices cannot be considered at this time.  For one, Plaintiffs and NU again do not explain why NU produces these invoices now in its motion for reconsideration but did not in its original opposition to the motion to dismiss.  The invoices are on file with Heli USA, for which NU is an insurer.  Surely these invoices could have been obtained from Heli USA and presented to this Court sooner.  See Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877,

890 (9th Cir. 2000) (stating that a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").  A movant is required to show that it could not have, with reasonable diligence, presented this evidence to the Court at the hearing.  Furthermore, these invoices date from 2002, five years prior to the accident.  These three invoices from five years prior to the accident do little to demonstrate contacts with Hawaii so pervasive as to give rise to general jurisdiction.

Plaintiffs also may not now submit a January 2008 American Eurocopter news bulletin.  (Mot. Ex. 1.)  This news bulletin was released more than a year prior to Plaintiffs' opposition to motion to dismiss, and Plaintiffs offer no excuse as to why they could not have presented this news bulletin earlier.

Because Plaintiffs merely reiterate their same arguments in favor of personal jurisdiction and seek to add evidence inadmissible in a motion for reconsideration, the Court will not alter its conclusion as to personal jurisdiction.

III.   Discovery Request

As this Court explained in its August 2009 Order, under Ninth Circuit law, a "district court is vested with broad discretion to permit or deny discovery, and a decision 'to deny discovery will not be disturbed except upon the clearest

10

showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant.'" <u>Laub v. U.S. Dept. of Interior</u>, 342 F.3d 1080, 1093 (quoting <u>Hallett v. Morgan</u>, 287 F.3d 1193, 1212 (9th Cir. 2002)).  Furthermore, prejudice is established "if there is a reasonable probability that the outcome would have been different had discovery been allowed."  <u>Id.</u>  Plaintiffs are correct in noting that discovery should be granted when more facts are needed, but it is also true that a refusal to grant discovery is not an abuse of discretion when further discovery would not demonstrate facts that would be a basis for jurisdiction.  <u>Id.</u> In this case, the facts relating to jurisdiction are apparent on their face.  Moreover, Plaintiffs, in their briefings, have consistently incorporated the facts and evidence presented by Plaintiff NU in the related case.  NU due to its relationship with AEC is in possession of information.

Plaintiffs have not met their burden to demonstrate that this Court made a manifest error of law or fact when the Court denied Plaintiffs' request for additional discovery.  The Court concluded in its August 2009 Order, and does again now, that the information that Plaintiffs stated they would seek to obtain, even if obtained, would not be a basis for either general or specific jurisdiction.

First, despite Plaintiffs' attempt to interpret Ninth Circuit precedent in its favor, the Court does have discretion to grant or deny additional discovery.  The

fact that Plaintiffs wishes the Court reached a different conclusion does not demonstrate that this Court made a manifest error of law or fact.

Second, the Court was unpersuaded by Plaintiffs' arguments in their briefing or at the hearing that additional discovery would be productive. Plaintiffs do not now propose that they will seek wholly new evidence that was previously not considered by the Court. To the contrary, the type of evidence Plaintiffs propose to uncover in discovery is the same type of evidence Plaintiffs proposed to the Court in their original opposition to the motion to dismiss, including employee contacts, sales, profits, advertising, and service.

Apparently in furtherance of their evidentiary argument, but for reasons unclear to this Court, Plaintiffs dedicate three pages of their motion to case law in support of their argument that the Court could have reviewed Plaintiffs' web-page and internet evidence submitted along with Plaintiffs' opposition to the motion to dismiss. (Mot. at 10.) This Court <u>did</u> consider this evidence, and wrote "[t]his Court will consider the information offered by Plaintiffs." This Court analyzed the information presented in the web-pages and press releases, and determined they did not support a finding of jurisdiction. (August 2009 Order at 10-14.)

Plaintiffs argue that it is "possible" that further discovery would offer the facts Plaintiffs seek.  (Mot. at 9.)  Again, however, this is not the standard that Plaintiffs must meet on a motion for reconsideration.  Plaintiffs engage in pure speculation.  To show prejudice, there must be a reasonable probability that this Court's decision as to personal jurisdiction would have been different.

Accordingly, Plaintiffs' motion is DENIED.

<u>CONCLUSION</u>

For the reasons stated above, the Court DENIES Plaintiffs' Motion for Reconsideration of the Order Denying Defendant American Eurocopter Corp.'s Motion to Dismiss and Transferring Case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 26, 2009.



_____
David Alan Ezra
United States District Judge


<u>Sulak et al. v. Am. Eurocopter Corp. et al.</u>, CV No. 09-00135 DAE-KSC; ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE ORDER DENYING DEFENDANT AMERICAN EUROCOPTER CORP.'S MOTION TO DISMISS AND TRANSFERRING CASE